UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Mel MARIN,<br><br>        Plaintiff,<br><br>v.<br><br>THE PEOPLE'S REPUBLIC OF CHINA as an alter ego of Shandong Potence Sporting Goods, Co., et al.,<br><br>        Defendants. | Case No.: 25-cv-1408-AGS-DDL<br><br>**ORDER GRANTING PLAINTIFF'S IFP MOTION (ECF 2), DENYING AS MOOT PLAINTIFF'S MOTION FOR LEAVE TO FILE (ECF 3), AND DISMISSING THE COMPLAINT WITH LEAVE TO AMEND** |

  Plaintiff Mel Marin, representing himself, moves to proceed without paying the court-filing fees in this products-defect case.

**A. Motion to Proceed In Forma Pauperis**

  Typically, parties instituting a civil action in a United States district court must pay $405 in filing fees.[1] *See* 28 U.S.C. § 1914(a). But if granted the right to proceed in forma pauperis, a plaintiff can proceed without prepaying those fees. *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Plaintiff here has an average monthly income of "$1,350," which does not cover his $1,540 in total monthly expenses. (ECF 2, at 2, 5.) He claims he has $290 in various checking accounts and owns $300 in assets. (*Id.* at 2–3.) This suffices to show that plaintiff cannot pay the filing fee. *See Blount v. Saul*, No. 21-CV-0679-BLM, 2021 WL 1561453, at *1 (S.D. Cal. Apr. 21, 2021) ("[A] party need not be completely destitute to proceed IFP.").

**B. Screening**

  When reviewing an IFP motion, the court must also screen the complaint and dismiss it if it is "frivolous or malicious," "fails to state a claim," or seeks monetary relief

---

[1] In addition to the $350 statutory fee, civil litigants must pay a $55 administrative fee. *See* 28 U.S.C. § 1914(a); District Court Misc. Fee Schedule, § 14 (effective Dec. 1, 2020).

1

from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). That is, a complaint must "contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Id.*

Marin claims he missed a flight in San Diego because the electric scooter he bought from defendant "had a design or manufacturing defect." (ECF 1, at 2.) Specifically, he claims the "rubber was not seated properly on the wheels and the air plug was curved to pinch the rubber so that at a certain random point in loss of air by simply riding on the scooter in mild wear and tear, the air plug would cause a fast leak and create a flat tire by surprise." (*Id.*) This plausibly suggests the existence of a design or manufacturing defect against defendant Marvin Viernes, who allegedly "sold [the] electric scooter to plaintiff." (ECF 1, at 2); *see Merrill v. Navegar, Inc.*, 28 P.3d 116, 125–26 (Cal. 2001) (discussing the elements of product-defect claims under California law); *Vandermark v. Ford Motor Co.*, 391 P.2d 168, 172 (Cal. 1964) (holding "a retailer engaged in the business of distributing goods to the public" can be "liable in tort for personal injuries caused by defects" in products "sold by it").

But the primary defendant Marin seeks to sue, the People's Republic of China, is another story. Despite admitting that the scooter was manufactured by "Shandong Potence Sporting Goods Co.," he asserts he may nevertheless sue China because it "is running" Shandong "as a profit making business." (ECF 1, at 1–2.) His only factual allegation to support that conclusion, though, is that China "maintains a 51% ownership over Shandong" and thus is its "alter ego." (*Id.*) But even "[t]otal ownership and shared management personnel are alone insufficient to" satisfy even the first prong of the alter-ego test. *See*

*Ranza v. Nike, Inc.*, 793 F.3d 1059, 1073 (9th Cir. 2015) ("To satisfy the alter ego test, a plaintiff must make out a prima facie case (1) that there is such unity of interest and ownership that the separate personalities of the two entities no longer exist and (2) that failure to disregard their separate identities would result in fraud or injustice." (cleaned up)). Without more, Marin has not set out a plausible claim that China is the alter ego of Shandong such that it can be held responsible for Shandong's manufacturing processes. So the claims against China are dismissed.

Despite that, given plaintiff's unrepresented status, the Court grants him leave to amend his complaint. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [under 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'").

### C. Motion for Leave to File Despite Vexatious-Litigant Restrictions

Finally, Marin has filed a motion seeking leave to file this suit even though he is under a vexatious-litigant filing restriction. (*See generally* ECF 3.) He also seeks generally to remove that filing restriction, which was imposed by a different judge in another case. (*See generally id.*) Regardless, that restriction only prevents Marin from filing new suits "alleging claims relating to disability discrimination, failure to provide reasonable accommodations, failure to provide tuition discounts or registration on the basis of disability, and/or retaliation for complaining of disability discrimination, against any community college, community college school district, university, or university system, including but not limited to their employees, professors, administrators, Presidents, Chancellors, Trustees, and Board of Supervisors." *See Marin v. Lee*, 22-cv-998-JO-JLB, slip op. at 2 (S.D. Cal. May 16, 2025). This products-liability suit does not fall within those categories. So the question of the prefiling restriction is not properly before this Court, and the motion is denied as moot.

### CONCLUSION

Accordingly, the Court orders as follows:

3

1. Plaintiff's motion to proceed in forma pauperis is **GRANTED**.
2. Plaintiff's claims against the People's Republic of China for failure to state a claim are **DISMISSED** with leave to amend.
3. By **July 10, 2025**, plaintiff must elect to proceed against the remaining defendant only or to file an amended complaint. If plaintiff chooses to file an amended complaint, it must be complete by itself without reference to any previous version of the pleading; defendants not named and any claims not re-alleged in the amended complaint will be considered waived. *See* S.D. Cal. CivLR 15.1.
4. Plaintiff's motion for leave to file despite the vexatious-litigant restrictions against him is **DENIED as moot**.

Dated:  June 10, 2025

_____
Hon. Andrew G. Schopler
United States District Judge